## SALLY JACKSON'S HEIRS v. JANE DUNEAN, ETC.

**Estoppel—Sale of Interest in Land—Long Acquiescence.**

Whether or not our statutes converting fee tail into fee simple made appellee's estate in the land a fee simple, she and her voluntary devisee are estopped by the sale to the mother of the appellants by her children. When covert and discovert she persistently and notoriously claimed only a life estate, conceding to her children the remainder, promoted the sale of that remainder for a valuable consideration, was present when it was conveyed and neither then nor ever since until about the time of the institution of this suit, intimated a claim to the remainder.

APPEAL FROM MADISON CIRCUIT COURT.

December 17, 1870.

OPINION BY JUDGE ROBERTSON:

Whatever may be the technical effect of the devise to Mrs. Dunean and "the heirs of her body to hold" to herself and her "heirs" it is not necessary in this case to decide.

Whether our statute converting fee tail into fee simple made her estate in the land a fee simple, we adjudge that she and her voluntary devisee are estopped by the sale to the mother of the appellants by her children. When covert and discovert she persistently and notoriously claimed only a life estate conceding to hr children the remainder, promoted the sale of that remainder for a valuable and commensurable consideration, was present when it was conveyed and neither then nor ever since until about the time of the institution of this suit for enjoining waste, a period of more than twenty years, intimated a claim to the remainder.

We may presume that she desired that her children should enjoy the remainder, whatever her title may have been, and that she was more than willing that they should, as they did anticipate the enjoyment by converting it into money which they may have needed. And, had she not, after she was ninety years old, conveyed the remainder to her grandson, her children's conveyance would probably never have been questioned or in any way disturbed by her will or otherwise. The conveyance to her co-appellee was not only voluntary but was made pendente lite, presumptively for the sole purpose of disturbing the title of appellants which might not be otherwise jeopardized.

Her age and former conduct, and the time and occasion, all indicate this. Then, shall such a contrivance defeat a title for which her children with her privity and long acquiescence, had been paid, to her advantage and greatly to their own? Not with our sanction.

Instead of dismissing the petition and dissolving the injunction the circuit court ought to have perpetuated the injunction and removed the incumbrance on the title of the appellants by cancelling the conveyance to Adams, the appellee.

Judgment reversed and cause remanded for the decree just indicated.

*Burnam,* for appellants.

*Turner & Green,* for appellees.